O

# United States District Court
# Central District of California

| | |
|---|---|
| FREED DESIGNS, INC.,<br><br>              Plaintiff,<br><br>    v.<br><br>SIG SAUER, INC.,<br><br>              Defendant. | Case No. 2:13-cv-09570-ODW(AGRx)<br><br>**ORDER RESOLVING**<br>**PROTECTIVE-ORDER DISPUTE**<br>**UNDER LOCAL RULE 37-2.1 [29]** |

On December 31, 2013, Plaintiff Freed Designs, Inc. filed this action against Defendant Sig Sauer, Inc. alleging that Sig Sauer infringed one or more claims of Freed Designs's United States Patent No. 6,928,764. (ECF No. 1.) The '764 Patent is titled "Grip Extender For Handgun." (*Id.* Ex. A.)

On July 11, 2014, the parties filed a Renewed Joint Motion Pursuant to Local Rule 37-2.1 for Protective Order to resolve their remaining disputes. (ECF No. 29.) The parties indicate that they cannot agree upon many of the proposed protective order's terms. The Court set a briefing schedule on the Joint Motion, and each side submitted supplemental briefing. (ECF Nos. 31, 32.)

/ / /

/ / /

### A. Confidential materials

The parties' first dispute revolves around "confidential" materials. The parties agree on the definition of "confidential," but Sig Sauer proposes the addition of a nonexhaustive list of examples of the types of information that would typically be designated "confidential." (ECF No. 29.) Sig Sauer argues that this list will minimize the possibility of disputes over this issue. Additionally, Sig Sauer seeks to include language that provides the parties with ability to obtain certain nonpublic information at a lower "confidential" level:

> Notwithstanding the provisions of this paragraph, the Parties agree that each Party has the right to obtain nonpublic information that discloses the financial terms of any agreement with licensees, research sponsors, suppliers, or other vendors with the specific financial terms redacted, and such information shall be designated "CONFIDENTIAL" under this Protective Order.

(*Id.* at 9.)

Nonpublic information that contains financial terms is typically produced with the "highly confidential" designation. Sig Sauer asserts that the addition of the above language would facilitate review of documents by giving the party the right to production at the lower "confidentiality" level because it would allow other employees to review and help analyze the document.

On the other hand, Freed Designs argues that Sig Sauer's proposed list of the categories of confidential information is unnecessary. Freed Designs expresses concern that the addition of such a list would invite unnecessary motion practice to determine whether a document fits into a prescribed category. Freed Design also argues that Sig Sauer's proposed redaction-option language authorizes "unbridled redaction of documents at a party's discretion." (ECF No. 31 at 2.)

First, the Court finds that Sig Sauer's proposed list of examples would serve to only to aid the parties. The list is nonexclusive and merely serves to put common

documents in context. Indeed, contrary to Freed Design's assertion, the Court agrees with Sig Sauer that such a guide may minimize the possibility of disputes over designation. Thus, the Court adopts Sig Sauer's nonexhaustive list of examples in full.

Second, with respect to Sig Sauer's proposed redaction option, Freed Design misunderstands Sig Sauer's proposal. The language Sig Sauer proposes does not permit redaction at any party's discretion. Rather, it permits a party to *request* production of redacted documents at a lower confidentiality level. Despite the apparent reasonableness of this proposal, the Court is concerned about the additional burden to the party responsible for redacting the information. Redaction of voluminous documents is both costly and time consuming, and Sig Sauer proposes no right to reimbursement for such work. Weighing the benefit to the receiving party—expedited document review—with the burden to the producing party, the Court finds that the balance tips in favor of excluding this provision from the protective order.

**B.     Highly confidential**

Similarly, the parties agreed on a definition for "highly confidential"—"any Party's and any non-party's highly confidential and proprietary business, commercial, competitive, financial, marketing, sales and technical information"—but Sig Sauer again seeks to add a nonexclusive list of examples of the classification. Freed Designs again opposes this addition.

The Court agrees with the parties' proposed definition, which finds support in the Northern District of California's Model Protective Order section 2.8. *See* U.S. Dist. Ct. N.D. Cal., Patent Local Rule 2-2 Interim Model Protective Order (hereinafter "Model Protective Order") section 2.8 ("HIGHLY CONFIDENTIAL" means "extremely sensitive 'Confidential Information or Items,' the disclosure of which . . . would create a substantial risk of serious harm . . . ."). But again, the Court finds the exemplars helpful, and adopts Sig Sauer's list.

/ / /

**C.     Bates numbering (Paragraph 3.1(d))**

The parties next dispute whether to adhere to the standard discovery practice of Bates labeling their respective productions. Sig Sauer proposes that each party Bates label their respective productions to provide a unique identifier for each document or thing produced. Sig Sauer's proposed language provides, "Copies of all documents and things produced by any Party shall be numbered and shall include a prefix which differs from any prefix used by another party and makes clear the identity of the producing party." (ECF No. 29.)

Freed Designs opposes this proposition as unduly burdensome, and tersely responds that "No party should be saddled with opposing counsel's proposed busy work." (ECF No. 31.) The Court does not agree. Bates labeling increases both the parties' and the Courts' efficiency and encourages integrity of the productions. Moreover, Bates labeling is standard practice, and Freed Designs provides no adequate reason for departing from such practice. The Court therefore adopts Sig Sauer's language in full.

**D.     Unalterable files (Paragraph 3.1 (e))**

Also in dispute is the confidentiality marking of hardcopies printed from unalterable materials. Sig Sauer proposes that hardcopies generated from unalterable electronically produced materials—such as native files—also be marked with confidentiality designations.

Sig Sauer's proposed language provides,

> A Receiving Party desiring to make a "hard copy" of all or a portion of the contents of information or documents stored electronically—if permitted to make such copies under the terms of this Protective Order—shall place on each page of such hard copy the same designation as is applicable to the electronically stored copy.

(ECF No. 29, Ex. 1 at 18.)

/ / /

Sig Sauer seeks to ensure that, in the event a receiving chooses to print the contents of the unalterable fines, the resulting hardcopies bear the designations that would appear on the corresponding production media. This would ensure confidentiality should the hardcopies be circulated separately. Freed Designs opposes this request, again, as burdensome.

Sig Sauer's proposal is in concert with spirit of section 5.2(c) of the Model Protective Order, which requires that information produced prominently bear the corresponding "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" label. *See* U.S. Dist. Ct. N.D. Cal., Patent Local Rule 2-2 Interim Model Protective Order. The Model Protective Order places this burden on the producing party, but when the information produced is unalterable, it is logical to reallocate the burden to the receiving party because of the nature of the materials and because it is the receiving party that is producing the hard copies of the electronically stored information. Moreover, the Court agrees with Sig Sauer that the burden on the receiving party is minimal and only exists to the extent that party creates hard copies. Accordingly, the Court adopts Sig Sauer's language in full.

**E.     Expert (Paragraph 6.1)**

The parties also dispute the scope of expert disclosure. The parties have agreed that any retained expert must disclose his or her professional background prior to accessing a party's confidential or highly confidential materials. But the parties dispute what depth of the disclosure is necessary.

Sig Sauer proposes that a party's proposed expert seeking access to confidential or highly confidential materials disclose any relationship he or she had or has with a party or related company, a list of testimony for the previous four years, and a list of publications authored in the previous ten years. Sig Sauer argues that this is consistent with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) and section 7.4(a)(2) of the Model Protective Order.

/ / /

Freed Designs responds that Rule 26 sufficiently lays out the requirements of expert disclosures and that any deviation is unnecessary. To an extent, the Court agrees.

Rule 26(a)(2)(B) provides that an expert-disclosure report must contain,
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

The Court sees no reason to depart from Rule 26's requirements with respect to "confidential" information. The Rule 26 disclosures provide sufficient information for the parties to make an informed decision regarding whether to object to the qualification.

However, the Model Protective Order provides a different standard with respect to "highly confidential" information. Paragraph 7.4(a)(2) provides that a Party who seeks to disclose "highly confidential" information or items to an expert must,
> first must make a written request to the Designating Party that (1) identifies the general categories of . . . information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the

preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

*See* U.S. Dist. Ct. N.D. Cal., Patent Local Rule 2-2 Interim Model Protective Order. Disclosure of "highly confidential" information creates greater concerns about ensuring confidentiality than "confidential" information, and thus it is reasonable to require greater transparency of designated experts with access to such information.

Accordingly, the Court orders that the protective order shall provide that, unless otherwise ordered by the Court or agreed to in writing, an expert must become authorized to view "confidential" or "highly confidential" information and items. To qualify for access to "confidential" materials, the expert-retaining party must fully comply with Rule 26 disclosure requirements. To qualify for access to "highly confidential" materials, the expert-retaining party must fully comply with the disclosure requirements of paragraph 7.4(a)(2) of the Model Protective Order.

**F.     Protected materials in other disputes (Paragraph 7)**

The next dispute concerns protected material subpoenaed or ordered produced in other litigation. Section 10 of the Model Protective Order provides a comprehensive procedure to follow in the event that protected material is subpoenaed or ordered produced, which the parties' proposed language closely tracks. But Sig Sauer additionally proposes this language: "The Receiving Party shall not produce or disclose such [confidential] information or items until the Designating Party consents in writing to production or the Receiving Party is ordered . . . to produce or disclose such information or times . . . ." (ECF No. 29.)

Freed Designs responds that Sig Sauer's proposed language calls for 'limitless, uncompensated 'cooperation' in resisting subpoenas of non-parties." (ECF No. 31.)

/ / /

1  It urges the Court to—if it adopts this clause—to provide for payment of all attorneys'
2  fees and costs reasonably incurred in providing such cooperation.

3  Freed Designs's request finds support in section 10(c) of the Model Protective
4  Order provides that parties must "cooperate with respect to all reasonable procedures
5  sought to be pursued by the Designating Party whose Protected Material may be
6  affected."  But section 10 also states that "nothing in these provisions should be
7  construed authorizing or encouraging a Receiving Party in this action to disobey a
8  lawful directive from another court."

9  The Court finds that Sig Sauer's proposed language is not incompatible with the
10 Model Protective Order.  Indeed, such measures are contemplated by the Model
11 Protective Order.  *See id.* n.4.  But section 10 goes on to state that "The Designating
12 Party shall bear the burden and expense of seeking protection in that court of its
13 confidential material . . . ."  U.S. Dist. Ct. N.D. Cal., Patent Local Rule 2-2 Interim
14 Model Protective Order.  The Model Protective Order does not explicitly require
15 reimbursement of attorneys' fees and costs incurred by the receiving party in motion
16 practice surrounding subpoenas or motions to compel—but such reimbursement is
17 implicitly contemplated.  *See id.*  The purpose of imposing these duties is to afford the
18 Designating Party an opportunity to protect its confidentiality interests, and thus it is
19 only fair to allocate the burden of compliance with the protective order to the party
20 whose confidentiality interests are at issue.

21 Accordingly, the Court adopts Sig Sauer's proposed language in full, but
22 clarifies that the Designating Party shall pay all reasonable attorneys' fees and costs
23 reasonably incurred in complying with this section.

24 **G.    Prosecution bar (Paragraph 11)**

25 The Court declines to impose a prosecution bar provision at this time.  As with
26 most protective orders, the "party seeking a prosecution bar bears the burden of
27 showing good cause for its issuance."  *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d
28 1373, 1378 (Fed. Cir. 2010).  Sig Sauer has not met its burden of proving that the

1 proposed prosecution bar reasonably reflects the risk presented by the potential
2 disclosure of proprietary information. The Court will not mechanically impose
3 prosecution bars, and is mindful about imposing undue restrictions on counsel.

    If during the course of the litigation of this matter, a party wishes to disclose certain information subject to a prosecution bar, that party shall describe to the Receiving Party the nature of the confidential information in a manner that—without revealing the confidential information—will enable the Receiving Party to evaluate the need to have the matter decided by the Court. If the issue cannot be resolved by the parties, the parties shall move the Court for relief. In any event, any prosecution bar will be limited to only those attorneys who receive access to the confidential information and will not bar any other attorney in the specific attorney's firm who has not received access to the confidential information from prosecuting, or participating in the prosecution of, any patent application. Accordingly, the no prosecution bar shall be included in the protective order.

    The parties shall refile a final version of the proposed protective order, consistent with the Court's rulings, **no later than August 18, 2014.**

    **IT IS SO ORDERED.**

August 4, 2014

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**