Brian M. Gaff (SBN 202896)
bgaff@mwe.com
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775
Telephone: (617) 535-3884
Facsimile: (617) 535-3800

Eric W. Hagen (SBN 192340)
ehagen@mwe.com
McDERMOTT WILL & EMERY LLP
2049 Century Park East, 38th Floor
Los Angeles, California 90067-3218
Telephone: (310) 788-4165
Facsimile: (310) 277-4730

Attorneys for Defendant,
SIG SAUER, INC.

[additional defense counsel listed on next page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| FREED DESIGNS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SIG SAUER, INC.,<br><br>Defendant. | Case No. 2:13-cv-09570-ODW-AGR<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |
| SIG SAUER, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>FREED DESIGNS, INC.,<br><br>Counter-defendant. | [Fed. R. Civ. P. 12(b)(1)]<br><br>The Honorable Otis D. Wright, II<br><br>DATE: November 24, 2014<br>TIME: 1:30 P.M.<br>CTRM.: 11 |

1  Peter Siavelis (admitted *pro hac vice*)
   psiavelis@mwe.com
2  McDERMOTT WILL & EMERY LLP
   227 West Monroe Street
3  Chicago, IL 60606
4  Telephone: (312) 984-7726
   Facsimile: (312) 984-7700

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Memo ISO Motion to Dismiss for
Lack of Subject Matter Juristdiction

CASE NO. 2:13-CV-09570-ODW-AGR

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................. 1

III. THIS CASE MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION ................................................................................ 3

    A. Federal Circuit Precedent Requires Dismissal When A Plaintiff Did Not Own The Patent-In-Suit On The Date It Filed Suit ................ 3

    B. Plaintiff Did Not Have Standing At The Inception Of This Lawsuit, And Any Subsequent Assignment To Plaintiff Cannot Cure The Debilitating Standing Defect ................................................. 5

    C. Plaintiff's *Nunc Pro Tunc* Assignment Does Not Cure The Debilitating Standing Defect ............................................................... 5

    D. Plaintiff's Purported License Does Not Cure The Fatal Standing Defect ................................................................................................... 6

IV. CONCLUSION .................................................................................................... 7

## I. INTRODUCTION

This is a patent case. Black letter patent law requires that a plaintiff own a patent before filing suit. It is uncontroverted that Plaintiff Freed Designs, Inc. did not own the Patent-in-Suit when it filed the above-captioned lawsuit on December 31, 2013. Accordingly, this Court lacks subject matter jurisdiction over this case and is required to dismiss it under Fed. R. Civ. P. 12(b)(1). This is a court of limited jurisdiction that only has subject matter jurisdiction over patent cases by virtue of statute. Under the Patent Act (*see* 35 U.S.C. §§ 100(d) and 281), the rule has long been that a patentee must own the asserted patent when a case is filed, and an ownership deficiency cannot be corrected after filing. Whatever the stage of the litigation — even after trial — a case must be dismissed if the plaintiff did not own the patent when it filed suit. This issue cannot be waived and dismissal is not discretionary. Plaintiff did not secure ownership of the Patent-in-Suit until (no earlier than) May 15, 2014, over four months after filing suit. Accordingly, this case is void *ab initio*. Defendant Sig Sauer was only able to confirm that Plaintiff did not own the Patent-in-Suit at the time the case was filed following Plaintiff's recent assignment filings and production. Defendant then tried to convince Plaintiff that the litigation must be dismissed, but Plaintiff refused to concede this undebatable legal point, requiring Defendant to bring this Rule 12(b)(1) motion.

## II. BACKGROUND

In its December 31, 2013 complaint, Plaintiff alleged Sig Sauer infringes U.S. Patent No. 6,928,764 (the "Patent-in-Suit"), yet failed to state explicitly whether it owned the Patent-in-Suit. However, nine times in its complaint, Plaintiff referred to the Patent-in-Suit as "the FD patent" (Plaintiff abbreviated its name, Freed Designs, as "FD" in the complaint), implying that it was the owner. Complaint (Dkt. No. 1) at 2-3. Sig Sauer asserted a "lack of standing" defense in its Answer to the Complaint. Dkt. No. 18, ¶ 18. In pursuing this defense, Sig Sauer investigated the ownership of the Patent-in-Suit by searching the United States

1  Patent and Trademark Office assignment database. The Patent Office certified that
2  "no document has been found in the assignment records as of [March 21, 2014]" for
3  the Patent-in-Suit (Exhibit 1) or either of the applications that the Patent-in-Suit
4  claims priority to (provisional application 60/194,981 (Exhibit 2) and non-
5  provisional application 09/827,578 (Exhibit 3)). However, because the Patent
6  Office does not require assignors or assignees to record assignments, the lack of an
7  assignment record is not dispositive.
8         On May 15, 2014, Robert Freed, the sole inventor listed on the face of the
9  Patent-in-Suit, executed an "Assignment of Invention and Patent Application"
10 transferring to Plaintiff his "entire right, title, and interest in and to" the Patent-in-
11 Suit. Exhibit 4. Perhaps realizing this assignment would not cure the standing issue
12 because it did not transfer rights to Plaintiff until after the complaint filing date, Mr.
13 Freed executed yet another assignment on September 3, 2014, titled "Assignment
14 of Rights, Title and Interest in Invention." Exhibit 5. This second assignment was
15 styled as a *nunc pro tunc* assignment, purporting to have an "effective date" of
16 August 16, 2005 (the issue date of the Patent-in-Suit). *Id*. Notably, due to Mr. Freed
17 transferring his "entire right, title, and interest in and to" the Patent-in-Suit to
18 Plaintiff on May 15 in the first assignment, he had nothing to transfer to Plaintiff
19 nearly four months later on September 3 in the second *nunc pro tunc* assignment.
20        In addition to not being assignee of the Patent-in-Suit at the time the
21 complaint was filed, Plaintiff also was not a licensee with any of the rights
22 necessary to bring this action. Plaintiff confirmed it was not a licensee when it
23 responded to Sig Sauer's interrogatory requesting the licensing history of the
24 Patent-in-Suit. Specifically, Plaintiff stated that the Patent-in-Suit had no licensing
25 history, thus admitting that Plaintiff was not a licensee of the Patent-in-Suit when it
26 filed the complaint. Exhibit 6 at 7-8.
27        Tellingly, *four days after the parties met and conferred to discuss the lack of*
28 *standing issue and the present Motion*, Freed Designs served a supplemental

1  response to Sig Sauer's interrogatory regarding licensing of patent-in-suit. Freed
2  Designs now alleges that "before the date of the [nunc pro tunc] assignment to
3  Freed Designs, Inc., … Robert Freed as inventor of '764 patent and sole owner and
4  President of Plaintiff Freed Designs, Inc., licensed to Freed Designs, Inc. the right
5  to practice the invention, and to enforce the '764 patent." Exhibit 7 at 8-9. Freed
6  Designs provides nothing to support its interrogatory response.

### III. THIS CASE MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

This motion presents a clear-cut legal issue. The relevant facts are few and uncontroverted. The assignment history (and lack of licensing history) of the Patent-in-Suit confirm that Plaintiff did not take ownership of the Patent-in-Suit any earlier than May 15, 2014, over four months after Plaintiff filed its December 31, 2013 Complaint alleging that Sig Sauer infringes the Patent-in-Suit. As set forth below, when a plaintiff files suit for patent infringement without owning the patent-in-suit, the plaintiff does not have standing, the court does not have jurisdiction, and the case must be dismissed.

#### A. Federal Circuit Precedent Requires Dismissal When A Plaintiff Did Not Own The Patent-In-Suit On The Date It Filed Suit

The requirement that a "patentee" own a patent before filing suit comes from the Patent Act, which provides that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281 (1994). The term "patentee" is defined in the Act under section 100(d) as including not only the patentee to whom the patent issued, but the successors in title to the patentee. *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998).

In *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359 (Fed. Cir. 2010), the Federal Circuit summarized the ownership requirement in patent cases:

> **A court may exercise jurisdiction only if a plaintiff has standing to sue on the date it files suit**. *Keene Corp. v.*

*United States*, 508 U.S. 200, 207, 113 S. Ct. 2035, 124 L. Ed. 2d 118 (1993) (There is a "longstanding principle that the 'jurisdiction of the Court depends upon the state of things at the time of the action brought.'") (internal citations omitted); *Minneapolis & St. Louis R.R. v. Peoria & Perkin Union Ry. Co.*, 270 U.S. 580, 586, 46 S. Ct. 402, 70 L. Ed. 743 (1926) ("The jurisdiction of the lower court depends upon the state of things existing at the time the suit was brought."). **Based upon this Supreme Court jurisprudence, we have held that in a patent infringement action, "the plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit" to assert standing**. *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309-310 (Fed. Cir. 2003); see also 35 U.S.C. §§ 100(d), 281 (A "patentee" is entitled to bring a "civil action for infringement of his patent," and the patentee includes the "successors in title to the patentee."). **Thus, "if the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured"** after the inception of the lawsuit. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.,* 402 F.3d 1198, 1203 (Fed. Cir. 2005); *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (affirming dismissal of complaint and denial of motion to amend pleadings to substitute assignee as plaintiff when plaintiff-inventor assigned the patent prior to filing the action).

*Id*. at 1364 (emphasis added).

Thus, under Federal Circuit precedent, "[b]ased upon … Supreme Court jurisprudence," a patentee must own a patent when filing suit for infringement of such patent. *Id*.

In *Enzo*, the Federal Circuit explained the rationale for the ownership requirement in patent cases: "As a general matter, parties should possess rights before seeking to have them vindicated in court. Allowing a subsequent assignment to automatically cure a standing defect would unjustifiably expand the number of

people who are statutorily authorized to sue." *Enzo*, 134 F.3d at 1093-94 (quoting *Procter & Gamble Co. v. Paragon Trade Brands Inc.*, 917 F. Supp. 305, 310 (D. Del. 1995)); *Telepresence Techs., LLC v. Upper Deck Co.*, 2001 U.S. Dist. LEXIS 26368, *6 (C.D. Cal. 2001) (quoting *Enzo* for the proposition that retroactive assignments do not cure standing defects).

### B. Plaintiff Did Not Have Standing At The Inception Of This Lawsuit, And Any Subsequent Assignment To Plaintiff Cannot Cure The Debilitating Standing Defect

Plaintiff did not possess rights in the Patent-in-Suit before seeking to have them vindicated in court. Indeed, the Patent Office had no record of any assignment for the Patent-in-Suit as of March 21, 2014. Exhibits 1-3. Plaintiff first received rights in the Patent-in-Suit on May 15, 2014, over four months after the Complaint was filed. Exhibit 4. This post-complaint assignment cannot cure Plaintiff's standing defect which must be examined at the time of the filing of the complaint. *Abraxis*, 625 F.3d at 1364.

### C. Plaintiff's *Nunc Pro Tunc* Assignment Does Not Cure The Debilitating Standing Defect

Inventor Robert Freed attempted to retroactively confer rights to Plaintiff dating back to 2005 via a *nunc pro tunc* assignment executed on September 3, 2014. As an initial matter, this second assignment has no effect because Mr. Freed already transferred his "entire right, title, and interest in and to" the Patent-in-Suit to Plaintiff on May 15 in the first assignment. Exhibit 4. Accordingly, he had nothing to transfer to Plaintiff on September 3 in the second *nunc pro tunc* assignment. Even if the *nunc pro tunc* assignment was valid, this assignment does not cure the standing defect because standing to file patent lawsuits cannot be conferred retroactively. *Enzo*, 134 F.3d at 1093 ("*nunc pro tunc* assignments are not sufficient to confer retroactive standing.").

In *Enzo*, declaratory judgment defendant Geapag had a series of licenses with the original assignee of the patent-in-suit prior to Enzo filing its declaratory

judgment action and Geapag filing counterclaims of patent infringement. *Id*. at 1091-1092. Months after the declaratory judgment action and counterclaims were filed, Geapag and the original assignee "sought to clear the chain of title to the '274 patent retroactively …[and] entered into an agreement through which the [earlier licenses] were canceled and an exclusive licensing arrangement was entered into between [the original assignee] and Geapag." *Id*. at 1092. By its terms, the new license was retroactive to shortly before the first filed action. *Id*. In addition, Geapag alleged that the new license "was a memorialization of the pre-suit oral agreement of the parties." *Id*.

The Federal Circuit rejected this retroactive license as a vehicle to confer standing to Geapag, finding "[i]t is clear from the record that there was no writing transferring all substantial rights under the '274 patent to Geapag at the time it brought suit. Thus, we must then determine whether an oral exclusive license or a *nunc pro tunc* license executed after suit is brought, or some combination of the two, can confer standing. We conclude that under any of these circumstances the holder of title must be joined in order to confer standing." *Id*. at 1093. The Federal Circuit stated the rule that "*nunc pro tunc* assignments are not sufficient to confer retroactive standing." *Id*; *Telepresence Techs*, 2001 U.S. Dist. LEXIS 26368, *6 (C.D. Cal. 2001) (quoting *Enzo* for the proposition that retroactive assignments do not cure standing defects).

Accordingly, inventor Robert Freed's *nunc pro tunc* assignment is not sufficient to confer standing to Plaintiff Freed Designs. *Id*. This will be true even if Plaintiff alleges in its response that the *nunc pro tunc* assignment memorialized any pre-suit agreement. *Id*.

### D. **Plaintiff's Purported License Does Not Cure The Fatal Standing Defect**

Although Plaintiff originally told Sig Sauer in a verified interrogatory response that the Patent-in-Suit had no licensing history (Exhibit 6 at 7-8), Plaintiff

1 now contends—only after meeting and conferring with Sig Sauer regarding this
2 motion and without offering any support whatsoever for its contention—that
3 inventor Robert Freed licensed the Patent-in-Suit to Plaintiff "before the date of the
4 assignment to Freed Designs." Exhibit 7 at 8-9.

5 Even if inventor Robert Freed granted a license to Plaintiff prior to the
6 assignment, this license, without written support, is not sufficient to confer standing
7 to Plaintiff for this lawsuit. *Enzo*, 134 F.3d at 1093. The *Enzo* court found that
8 "[w]hile we acknowledge that a license may be written, verbal, or implied, if the
9 license is to be considered a virtual assignment to assert standing, *it must be in*
10 *writing*." *Id*. (emphasis added). The *Enzo* court explicitly found that verbal licenses
11 cannot constitute a virtual assignment because "[p]arties would be free to engage in
12 revisionist history, circumventing the certainty provided by the writing requirement
13 of section 261 by claiming to be patentee by virtue of a verbal licensing
14 arrangement." *Id*. Plaintiff has not produced anything in support of its claim that
15 inventor Robert Freed granted a license to Plaintiff. Therefore, Plaintiff's newly
16 alleged license appears to be revisionist history that is insufficient to defeat this
17 motion.

**IV. CONCLUSION**

Plaintiff Freed Designs did not own the Patent-in-Suit when it filed the Complaint in this lawsuit. That fact is undisputed. Plaintiff's two assignments executed after the Complaint was filed do not cure the standing defect. Accordingly, Plaintiff did not have standing and these cases must be dismissed for lack of subject matter jurisdiction as a matter of Federal Circuit law under Fed. R. Civ. P. 12(b)(1).

| | | |
|---|---|---|
| 1 | Dated:  October 24, 2014 | McDERMOTT WILL & EMERY LLP<br>Brian M. Gaff<br>Eric W. Hagen<br>Peter M. Siavelis |
| 2 | | |
| 3 | | By: /s/ Eric W. Hagen |
| 4 | | Eric W. Hagen<br>Attorneys for Defendant and<br>Counterclaimant SIG SAUER, INC. |
| 5 | | |

# **CERTIFICATE OF SERVICE**

I certify that on October 24, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California, by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Executed on October 24, 2014, at Los Angeles, California.

                                                    /s/ Eric W. Hagen