**O**

**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| FREED DESIGNS, INC., | Case № 2:13-cv-09570-ODW(AGRx) |
| Plaintiff, | |
| v. | **ORDER GRANTING** |
| SIG SAUER, INC., | **DEFENDANT'S MOTION TO** |
| Defendant. | **DISMISS FOR LACK OF SUBJECT** |
| | **MATTER JURISDICTION [43]** |

## I.  INTRODUCTION

Before the Court is Defendant Sig Sauer's Motion to Dismiss for Lack of Subject Matter Jurisdiction.  (ECF No. 43.)  Sig Sauer argues that Plaintiff Freed Designs lacks standing to sue because Plaintiff was not assigned U.S. Patent No. 6,928,764 (the '764 Patent) at the time they filed this suit.  Plaintiff argues that it had an implied exclusive license from the inventor, Robert Freed, and therefore standing to sue.  For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.  (ECF No. 43.)

## II.  FACTUAL BACKGROUND

Robert Freed is the sole inventor of the '764 Patent, titled "Grip Extender For Hand Gun."  Freed is also the sole owner and President of Plaintiff Freed Designs.  On December 31, 2013, Plaintiff filed suit against Defendant Sig Sauer alleging that

1  Defendant makes, sells, and offers to sell magazine extenders that infringe the '764
2  Patent. (ECF No. 1.) In its Answer, Defendant asserted a "lack of standing" defense.
3  (ECF No. 18 ¶ 18.)
4      On May 15, 2014, Freed executed an "Assignment of the Invention and Patent
5  Application" transferring to Plaintiff his "entire right, title, and interest in and to" the
6  '764 Patent. (Siavelis Decl. Ex. 4.) On September 3, 2014, Freed executed another
7  assignment titled "Assignment of Rights, Title and Interest in Invention." (Siavelis
8  Decl. Ex. 5.) This second assignment was styled as a *nunc pro tunc* assignment,
9  purporting to have an effective date of August 16, 2005 (the issue date of the '764
10 Patent). (*Id.*)
11     On October 24, 2014 Defendant filed a Motion to Dismiss for Lack of Subject
12 Matter Jurisdiction. (ECF No. 43.) Plaintiffs timely opposed. (ECF No. 50.)
13 Defendants timely replied. (ECF No. 52.) On November 24, 2014, the Court held a
14 hearing at which counsel for the parties appeared. That Motion is now before this
15 Court for consideration.

16                        **III.   LEGAL STANDARD**

17     Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint
18 for lack of subject-matter jurisdiction. The Article III case or controversy requirement
19 limits a federal court's subject-matter jurisdiction, requiring that plaintiffs have
20 standing and that claims be ripe for adjudication. *Chandler v. State Farm Mut. Auto.*
21 *Ins. Co.*, 598 F.3d 1115, 1121–22 (9th Cir. 2010). "The party asserting federal subject
22 matter jurisdiction bears the burden of proving its existence." *Id.* at 1122; *see also*
23 *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

24                           **IV.   DISCUSSION**

25     Defendants argue that Plaintiff did not possess rights to the '764 Patent at the
26 time Plaintiff filed the Complaint and any post-Complaint assignment cannot cure
27 Plaintiff's standing defect. (Mot. 5.) A court may exercise jurisdiction only if a
28 plaintiff has standing to sue on the date it files suit. *Abraxis Bioscience, Inc. v.*

1 *Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010) (citing *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993)). The Federal Circuit has held that in a patent infringement action, the plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit to assert standing. *Id*. (quotations and citations omitted); *see also* 35 U.S.C. §§ 100(d), 281 (A "patentee" is entitled to bring a "civil action for infringement of his patent," and the patentee includes the "successors in title to the patentee."). Thus, "if the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured" after the inception of the lawsuit. *Id.* (quoting *Schreiber Foods, Inc. v. Beatrice Cheese, Inc*., 402 F.3d 1198, 1203 (Fed. Cir. 2005).

Plaintiffs have provided no evidence of an assignment or license before filing the Complaint, instead arguing that Plaintiff had an implied exclusive license with Freed. (Opp'n 2-5.) While the Court is convinced that there are sufficient facts that support an implied exclusive license from Freed, Federal Circuit precedent requires a license to be in writing to confer standing. *Enzo APA & Sons, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998) ("While we acknowledge that a license may be written, verbal, or implied, if the license is to be considered a virtual assignment to assert standing, it must be in writing."). Further, Plaintiff's attempt to cure assignment after filing the Complaint cannot remedy standing. *Id*. (holding that "*nunc pro tunc* assignments are not sufficient to confer retroactive standing" where no written transfer of rights under the patent had been made at the time claims were brought). Lastly, standing cannot be remedied by amending the Complaint and joining the inventor, Freed, because he no longer has any rights to the '764 Patent per his two assignments. (*See* Siavelis Decl. Exs. 4, 5.)

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss without leave to amend. (ECF No. 43)

**IT IS SO ORDERED.**

December 2, 2014

_____
 **OTIS D. WRIGHT, II
 UNITED STATES DISTRICT JUDGE**